### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALFONSO PERCY PEW,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 22-CV-1488** |
| | : | |
| **GEORGE LITTLE,** *et al.*, | : | |
| **Defendants.** | : | |

### MEMORANDUM

**SÁNCHEZ, C.J.**                                                                                    **MAY  13, 2022**

Plaintiff Alfonso Percy Pew, a prisoner currently incarcerated at SCI Phoenix, brings this

*pro se* civil action pursuant to 42 U.S.C. § 1983.  Pew raises constitutional and statutory claims

based on allegations that prison officials deprived him of a vegan diet in violation of his religious

rights.  Because Pew has obtained three prior "strikes" and because he has not shown an

imminent danger of serious physical injury, pursuant to 28 U.S.C. § 1915(g) the Court will deny

Pew leave to proceed *in forma pauperis* and require that he pay the full filing fee if he wishes to

continue with his case.

### I.       FACTUAL ALLEGATIONS

Pew names as Defendants nineteen individuals and various other John and Jane Does,

presumably all associated with SCI Phoenix or the Pennsylvania Department of Corrections

("DOC").  (Compl. at 1-3, 6.)[1]  The bulk of Pew's Complaint involves allegations that

Defendants deprived him of a religious diet, both at SCI Rockview where he was formerly

housed, and at SCI Phoenix, where he is currently housed.  Pew alleges that as early as April 14,

2021, Defendants deprived him of a vegan diet, which he maintains for his practice of the

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

"Shetaut Neter/Osarian" religion. (*Id*. at 7.) He further alleges that he is "forced to eat meat, milk, cheese, dairy products, animal flesh, chicken, beef, fish, [and] turkey, which sickens [him] and hurts [his] immune system" and "violates his religious dietary laws." (*Id*.) On April 19, 2021, while Pew was engaged in a "religious fast," prison officials allegedly extracted him from his cell using force and chemical agents, stripped him naked and placed him in a "shower cage" with no mattress, sheets, clothing, toilet paper, or toothbrush. (*Id*. at 8.) For an unspecified period of time after the cell extraction, Pew was allegedly deprived showers, exercise, and socialization, among other things. (*Id*.) Pew further alleges that he was exposed to inmates, staff, and prison visitors who had not been vaccinated for COVID-19, and that he has not yet received the Moderna vaccine booster, despite becoming eligible for it on March 29, 2022. (*Id*. at 5.)[2] He also alleges that despite his requests, he has never received a rapid COVID-19 test and that he cannot receive a COVID-19 test unless he shows signs of illness. (*Id*. at 10.)

In his Complaint, Pew lists the following bases for his claims: the First, Eighth, and Fourteenth Amendments, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), and 62 Pa. Stat. § 309, which provides for the "religious freedom" of residents at state institutions administered by the Pennsylvania Department of Public Welfare. (*Id*. at 3.) For relief, Pew seeks a temporary restraining order, preliminary injunction, permanent injunction, declaratory judgment, and compensatory and punitive damages. (*Id*. at 5.)

---

[2] It is not clear if Pew refers to the first vaccine booster or the second vaccine booster. *See Covid-19 Boosters*, *Center for Disease Control and Prevention*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/booster-shot.html (last visited May 12, 2022).

II.    "THREE-STRIKE" ANALYSIS

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an

action in federal court without prepayment of filing fees, ensuring that such persons are not

prevented "from pursuing meaningful litigation" because of their indigence.  *Abdul-Akbar v.*

*McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*) (internal quotation marks omitted).  But,

as Congress has recognized, people who obtain *in forma pauperis* status are "not subject to the

same economic disincentives to filing meritless cases that face other civil litigants," and thus the

provision is susceptible to abuse.  *Id.* (citing 141 Cong. Rec. S7498-01, S7526 (daily ed. May 25,

1995) (statement of Sen. Kyl)).

"[I]n response to the tide of substantively meritless prisoner claims that have swamped

the federal courts," Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996.  *Ball*

*v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quoting *Shane v. Fauver*, 213 F.3d 113, 117 (3d

Cir. 2000)) (internal quotation marks omitted), *abrogated in part on other grounds by Coleman*

*v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).  Among other things, the PLRA implemented the so-

called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action
> or proceeding under this section if the prisoner has, on 3 or more prior occasions,
> while incarcerated or detained in any facility, brought an action or appeal in a court
> of the United States that was dismissed on the grounds that it is frivolous, malicious,
> or fails to state a claim upon which relief may be granted, unless the prisoner is
> under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Put more simply, under the PLRA, a prisoner with three

prior strikes can obtain *in forma pauperis* status only if he is in imminent danger of serious

physical injury at the time he brings his case to court.  Courts must consider a *pro se* prisoner's

allegations of imminent danger "under our liberal pleading rules, construing all allegations in

favor of the complainant."  *Gibbs v. Cross*, 160 F.3d 962, 966 (3d Cir. 1998).

A strike under § 1915(g) "will accrue only if the entire action or appeal is (1) dismissed

explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed

pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons,

including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i),

1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*,

715 F.3d 117, 126 (3d Cir. 2013).  "A strike-call under Section 1915(g) . . . hinges exclusively

on the basis for the dismissal, regardless of the decision's prejudicial effect." *Lomax v. Ortiz-*

*Marquez*, 140 S. Ct. 1721, 1724-25 (2020), *abrogating Millhouse v. Heath*, 866 F.3d 152, 161

(3d Cir. 2017).

This Court recently concluded that Pew had accumulated three strikes for purposes of

§ 1915(g).  *See Pew v. Wetzel*, No. 21-5501, 2022 WL 138072, at *3 (E.D. Pa. Jan. 13, 2022).

The Court stated in that case that:

> Pew has a history of litigating meritless claims in this District and the Third Circuit.  *See Pew v. Cox*, Appeal No. 93-2041 (3d Cir. Mar. 31, 1994) (dismissing appeal as frivolous under 28 U.S.C. § 1915(d)); *Pew v. Casner*, Appeal No. 95-7176 (3d Cir. July 31, 1995) (same); *Pew v. Cox*, Civ. A. No. 93-4128 (E.D. Pa. Aug. 18, 1993) (dismissing complaint as frivolous under 28 U.S.C. § 1915(d)); *Pew v. Clark*, Civ. A. No. 94-4813 (E.D. Pa. Aug. 19, 1994) (same).  Each of these cases constitutes a strike for purposes of § 1915(g) because it was dismissed in its entirety as frivolous.  It does not matter that some of these actions were dismissed prior to the passage of the PLRA. *See Keener v. Pa. Bd. of Prob. & Parole*, 128 F.3d 143, 144-45 (3d Cir. 1997) ("[D]ismissals for frivolousness prior to the passage of the PLRA are included among [a plaintiff's] three [strikes].").
> Moreover, other courts have also treated Pew as a "three-striker." *See Pew v. Extraction Team Members*, Civ. A. No. 16-91, 2016 WL 2958767, at *2 (W.D. Pa. Apr. 25, 2016), *report and recommendation adopted*, 2016 WL 2977303 (W.D. Pa. May 20, 2016) (concluding that Pew had at least three prior strikes under § 1915(g)); *Pew v. Murin*, Civ. A. No. 16-121, 2016 WL 3746365, at *1 (W.D. Pa. June 2, 2016), *report and recommendation adopted*, 2016 WL 3766429 (W.D. Pa. July 8, 2016) (same); *Pew v. Keldie*, Civ. A. No. 16-891, 2016 WL 3031626, at *2 (M.D. Tenn. May 27, 2016) (same).  Even the [United States Court of Appeals for the] Third Circuit has concluded that Pew has accumulated "three strikes" for purposes of 28 U.S.C. § 1915(g).  *See Pew v. L. Harris*, Appeal No. 18-1178 (3d Cir. Mar. 19, 2018) (denying Pew's motion to proceed *in forma pauperis* on appeal

> because he has three strikes and did not show imminent danger); *Pew v. Russ*, Appeal No. 96-7451 (3d Cir. Oct. 22, 1996) (denying motion for leave to proceed *in forma pauperis* "because at least three of appellant's prior complaints and/or appeals have been dismissed as frivolous").
>
> Accordingly, the Court concludes that the dismissals in the civil actions identified above count as strikes against Pew. Each was filed while Pew was incarcerated, and each was dismissed in its entirety for one of the grounds listed in § 1915(g).

*Id.*[3]  Reviewing these case dismissals anew, the Court again concludes that the dismissals count as strikes and that Pew may not proceed in this case *in forma pauperis* unless he can show that he was in imminent danger of serious physical injury at the time he brought his Complaint.

The "imminent danger" exception to the three-strikes rule serves as a "safety valve" to ensure that a prisoner is not subject to serious injury due to his inability to pay a filing fee. *Ball*, 726 F.3d at 467.  It "creates a narrow opening for a particular type of claim; it does not give prisoners . . . a license to swamp the court with claims whenever they successfully state a claim of imminent danger." *Brown v. Lyons*, 977 F. Supp. 2d 475, 481-82 (E.D. Pa. 2013) (citing *Pettus v. Morgenthau*, 554 F.3d 293, 297 (2d Cir. 2009)).  "Imminent dangers are those dangers which are about to occur at any moment or are impending." *Abdul-Akbar*, 239 F.3d at 315 (internal quotation marks omitted).  Past dangers are not imminent dangers. *See Ball*, 726 F.3d at 467.  Vague, general, or conclusory allegations are likewise insufficient to establish that a plaintiff is in imminent danger. *Id.*  Finally, "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint." *Pettus*, 554 F.3d at 297; *see also Ball v. Hummel*, 577 F. App'x 96, 98 n.1 (3d Cir.

---

[3] Some of Pew's prior strikes were dismissals under 28 U.S.C. § 1915(d), which was in effect when Pew filed certain of the civil actions and appeals that the Court deemed as strikes in its January 13, 2022 Memorandum.  Under § 1915(d), district courts were authorized to dismiss *in forma pauperis* actions if they were "frivolous or malicious." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (quoting 28 U.S.C. § 1915(d)).  Former 28 U.S.C. § 1915(d) is now codified at 28 U.S.C. § 1915(e)(2)(B).

2014) (*per curiam*).  In other words, the claimed imminent danger must relate to the legal claims

the prisoner pursues.  *Id.*; *see also Brown v. U.S. Dist. Ct., E. Dist.*, No. 13-7229, 2014 WL

1225878, at *1 (E.D. Pa. Mar. 25, 2014) ("In short, § 1915(g) requires two things:  the allegation

of imminent danger and a claim for relief that if granted will preclude the danger from becoming

a reality.").

Although it is not entirely clear, Pew seems to allege that he is in imminent danger of

becoming infected with COVID-19.  Anticipating that he would be deemed a "three-striker" and

be required to demonstrate imminent danger, Pew attached to his Complaint a "Signed Sworn

Affidavit Demonstrating Imminent Danger of Serious Bodily Physical Harm."  (Compl. at 38.)

In the Affidavit, Pew alleges that he "cannot protect [him]self from Omicron BA.2," a COVID-

19 variant, because (1) the prison lifted certain restrictions aimed at mitigating the spread of

COVID-19[4]; (2) he has not yet received a vaccine booster for which he became eligible March

29, 2022; (3) COVID-19 testing is limited to individuals who show symptoms; (4) he is being

"forced" to eat animal and dairy products, which weakens his immune system and makes him

more susceptible to COVID-19; and (5) he suffers from medical conditions – high blood

pressure, high cholesterol, kidney disease, and obesity – that place him at a higher risk of adverse

outcomes if he were to contract COVID-19.  (*Id.* at 39-41.)

While the Court is sympathetic to Pew's concerns about COVID-19 exposure, he has

failed to meet his burden to plausibly show that he is in imminent danger of serious physical

---

[4] Pew refers to the February 28, 2022 and March 30, 2022 Letters from Defendant, DOC
Secretary George M. Little, both of which are attached to Pew's Complaint.  (*See* Compl. at 28,
29 ("Little Letter").)  In the Letters, Little advised inmates that masks were no longer mandatory
in the DOC prisons, that inmates unvaccinated for COVID-19 would be integrated with the
vaccinated population, and that visitors no longer needed to show proof of vaccination against
COVID-19.  (*Id.*)

harm.  General concerns about COVID-19, without more, are too speculative to constitute

imminent danger under § 1915(g).  *See, e.g.*, *Talbert v. PA State Corr. Officer, Assoc.*, No. 20-

1154, 2021 WL 963454, at *4 (M.D. Pa. Mar. 15, 2021) (concluding that allegations that

plaintiff's medical conditions – asthma, high blood pressure and an abnormal heart condition –

placed him at high risk for COVID-19 were "speculative and do not satisfy the threshold

criterion of the imminent danger exception" of § 1915(g)); *Ortiz v. Collier*, 855 F. App'x 966

(5th Cir. 2021) (*per curiam*) (finding allegations that the plaintiff's "life and health were placed

in imminent danger by the prison's failure to follow protocol for preventing the spread of

COVID-19" were "speculative" and thus "insufficient to make the showing required to avoid

application of the three strikes bar under § 1915(g)").

     Pew's allegations are similarly too speculative to establish an imminent danger to serious

physical injury.  Pew has not alleged, let alone shown, that Defendants' current efforts at

containing the virus at SCI-Phoenix are inadequate.  The DOC's relaxation of restrictions, such

as the mask mandate and the vaccination requirements, occurred only after a "refreshing

reduction in overall cases."  (March 30, 2022 Little Letter (Compl. at 28).)  Even if there are

COVID-19 cases at SCI Phoenix, Pew still would not face imminent danger of serious physical

injury.  Pew concedes he is vaccinated against COVID-19.  Although Pew complains that SCI

Phoenix has not yet provided vaccine boosters, he has received two doses of the Moderna

vaccine.  Even under liberal pleading rules, and construing all allegations in his favor, Pew's

underlying health conditions alone fail to meet the standard for imminent harm.  *Accord*, *Garrett

v. Murphy*, 17 F.4th 419, 433 (3d Cir. 2021) (rejecting plaintiff's argument that his poor health

and "rampant" COVID-19 in the New Jersey jails placed him in imminent danger of serious

bodily harm where the plaintiff had previously had COVID-19 and "effective COVID-19

vaccines are widely available"); *cf. United States v. Burgard*, 857 F. App'x 254, 255 (7th Cir.

2021) (stating that "widespread availability of the COVID-19 vaccine . . . eliminates" the need

for compassionate release").

Moreover, Pew has not shown an adequate nexus between the imminent danger he

alleges and the claims he seeks to pursue. *Pettus*, 554 F.3d at 296. "In deciding whether such a

nexus exists, [courts] will consider (1) whether the imminent danger of serious physical injury

that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the

complaint and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99

(emphasis omitted). While the bulk of Pew's claims relate to a First Amendment violation due

to the denial of his vegan diet and the conditions of confinement he allegedly experienced in

response to his religious fast, his imminent harm assertions relate to COVID-19 exposure.[5]

These claims are "much too attenuated from the imminent danger of serious physical injury he

alleges to conclude that this danger may fairly be traced back to the asserted wrongs." *Id.* at 299.

Even if Pew were successful on these claims, any judicial relief – such as a Court order requiring

officials at SCI Phoenix to provide Pew with a vegan diet – is too attenuated to redress his

concerns about being exposed to COVID-19. His assertion that a vegan diet would somehow

strengthen his immune function and in turn, remove the threat of COVID-19 exposure or severity

is purely speculative.

---

[5] Pew does not allege that the absence of the vaccine booster or the relaxation of prison
restrictions aimed at containing the spread COVID-19 violated any specific law or Constitutional
right. *See Pettus*, 554 F.3d at 297 ("[T]he statute requires that the prisoner's complaint seek to
redress an imminent danger of serious physical injury and that this danger must be fairly
traceable to *a violation of law* alleged in the complaint.") (emphasis added). The Court
understands these allegations to relate to his claim of imminent danger.

**III.    CONCLUSION**

Since Pew is a "three-striker" who is prohibited from proceeding *in forma pauperis*

unless he is in imminent danger of serious physical injury at the time of filing, and since he was

not in imminent danger when he submitted his Complaint, the Court will require him to pay the

fees to commence this civil action.  For these reasons, the Court will deny Pew's Motion to

Proceed *In Forma Pauperis* pursuant to 28 U.S.C. § 1915(g).  Should Pew desire to litigate his

claims, he must pay the full filing fee in advance.  An appropriate Order follows.

**BY THE COURT:**

       **/s/ Juan R. Sánchez**

       **JUAN R. SÁNCHEZ, C.J.**