IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1488 |
| | : | |
| GEORGE LITTLE, et al. | : | |

**MEMORANDUM**

**Chief Judge Juan R. Sánchez**                                                                 **May 12, 2023**

Plaintiff Alfonso Percy Pew, a prisoner currently incarcerated at SCI Phoenix, brings this *pro se* action pursuant to 42 U.S.C. § 1983. The bulk of Pew's allegations center on prison officials' failure to provide access to a vegan diet as required by his religion. Relevant to this motion, he also claims he was denied access to an electric razor, necessary for treatment of a skin condition, in violation of the Eighth Amendment and the Americans with Disabilities Act ("ADA" or "Act"). Defendants, Deputy Superintendent Mandy Biser-Sipple and former Superintendent Jaime Sorber, move to dismiss these two counts against them. Because the ADA does not provide a remedy for failure to treat, and because the Amended Complaint fails to allege Defendants had the requisite mental state under the Eighth Amendment, Defendants' motion will be granted.

**BACKGROUND**

Pew was transferred from SCI Rockview to SCI Phoenix on September 24, 2021. Am. Compl. ¶ 27, ECF No. 12. Upon arrival, he spoke with Biser-Sipple and Sorber about his "medical authorization" for an electric razor. *Id.* ¶ 60. Pew claims he presented Defendants with a copy of a 1994 prescription from a Department of Corrections ("DOC") physician who diagnosed him with moderately severe pseudofolliculitis, a "painful scarring" condition otherwise known as razor bumps. *Id.* ¶ 61; *see also id.* at Ex. Q. Pew also showed Defendants passes from SCI-Rockview

allowing him to receive electric shaves at the barbershop. *Id.* ¶ 62. However, no action was taken. *Id.* ¶ 63. Pew then filed a grievance with the DOC, which is still pending on review. *Id.* ¶¶ 63-64; *see also id.* at Ex. S. He claims the denial of access to an electric razor constitutes cruel and unusual punishment in violation of the Eighth Amendment and discrimination under the ADA.[1]

**LEGAL STANDARD**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing *Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**DISCUSSION**

Pew first claims Defendants' refusal to provide electric razor access violates the ADA's prohibition on discrimination based on disability. It is true that the ADA extends to state prison inmates, *Pa. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 213 (1998), and that pseudofolliculitis may

---

[1] Pew initially brought other claims against Biser-Sipple and Sorber, alleging their failure to provide an electric razor violated his rights to religious freedom. He has voluntarily dismissed these claims. *See* ECF No. 55.

plausibly be a disability under the Act, *Lewis v. Univ. of Pa.*, 779 F. App'x 920, 925 (3d Cir. 2019). However, the ADA's prohibition on discrimination protects against exclusion from programs or services on the basis of disability, rather than simple denial of treatment. *Iseley v. Beard*, 200 F. App'x 137, 142 (3d Cir. 2006). Because "the ADA does not create a remedy for medical malpractice" or so-called "failure to treat" cases, Pew's ADA claim will be dismissed. *Id.* (quoting *Bryant v. Madigan*, 84 F.3d 246, 248 (7th Cir. 1996)).

Second, Pew alleges Defendants acted in contravention of the Eighth Amendment in denying him access to what he believes is necessary treatment of a serious medical need. A prisoner may state a cognizable Eighth Amendment claim by alleging "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A medical need is considered "serious" when it is has been "diagnosed by a physician as requiring treatment or . . . is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted). The Eighth Amendment's bar on cruel and unusual punishment contemplates "unnecessary and wanton infliction of pain," where inadequate treatment would lead to "life-long handicap or permanent loss." *Id.* Although the Court questions whether a thirty-year-old diagnosis for razor bumps is sufficient to meet this prong, such determination is unnecessary because Pew fails to allege Defendants acted with the required mental state.

Eighth Amendment liability requires "deliberate indifference," or a subjective consciousness of risk. *Farmer v. Brennan*, 511 U.S. 825, 840 (1994). Prison officials act with deliberate indifference where they "know of an excessive risk to an inmate's health or safety and disregard that risk." *Barr v. Knauer*, 321 F. App'x 101, 103 (3d Cir. 2009). Although Pew claims

3

he showed Defendants his 1994 prescription, there are no facts in the Amended Complaint to suggest Biser-Sipple and Sorber were subjectively aware that failing to provide Pew with an electric razor would expose him to "undue suffering or the threat of tangible residual injury." *Id.* (quoting *Monmouth Cnty.*, 834 F.2d at 346). Pew only alleges he "made Defendants aware" of his need for a razor, rather than of the serious consequences of failing to provide one. Am. Compl. ¶ 62, ECF No. 12. This does not plausibly plead the requisite mental state. Pew's Eighth Amendment claim must therefore be dismissed.

Because the Amended Complaint fails to state a claim upon which may relief be granted as to Defendants Biser-Sipple and Sorber, their Motion to Dismiss will be granted. Federal Rule of Civil Procedure 15(a) requires the Court to "freely give leave" to amend "when justice so requires." But amendment is not permitted where it would be futile, such that there are no facts which could be added to the complaint that would properly state a claim. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). As a matter of law, the ADA does not provide a remedy for the alleged harm Pew suffered, so any amendment to this claim would be futile. *See Iseley*, 200 F. App'x at 142 (3d Cir. 2006). While Pew's ADA claim will thus be denied with prejudice, the Court finds he could plausibly plead facts to show deliberate indifference. Pew will therefore be granted leave to amend his Eighth Amendment claim if he so chooses.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
JUAN R. SÁNCHEZ, C.J.