IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALFONSO PERCY PEW | : | CIVIL ACTION |
| | : | |
| v. | : | No. 22-1488 |
| | : | |
| GEORGE LITTLE, et al. | : | |

**MEMORANDUM**

**Judge Juan R. Sánchez**                                                                                   **March 6, 2024**

Plaintiff Alfonso Percy Pew, a prisoner currently incarcerated at SCI Phoenix, brings this pro se action pursuant to 42 U.S.C. § 1983. Pew alleges Defendant prison officials violated his constitutional rights by, *inter alia,* failing to approve various religious accommodations, retaliating against him for fasting in accordance with his religious beliefs, and denying him an electric razor necessary for treatment of a skin condition. Defendants move to dismiss Pew's Third Amended Complaint due to improper joinder, improper venue, and for failure to state a claim on which relief may be granted. Because Pew's claims arise out of distinct occurrences by varying groups of individuals on different occasions in different prisons, joinder is improper. The Court will sever Pew's claims into three separate lawsuits and transfer a fourth due to improper venue. The motion to dismiss will be denied as to Pew's claims against Defendant Biser-Sipple because Pew plausibly alleges an equal protection claim against her.

**BACKGROUND**

In January 2021, Pew was incarcerated at SCI Rockview. Third Am. Compl. ¶ 11, ECF No. 76. He applied for various religious accommodations on January 18, 2021. *Id*. ¶¶ 11-16. These accommodations included a vegan diet, religious headwear, an Ankh cross medallion from Sidney Charles Company, nervines homeopathic herbal medicine and supplements, incense, oil, powder, and CD music and lectures with a CD player. *Id*. Pew claims Defendants Ulli Klemm, Thomas

1

Boldin, and other "vote members" at SCI Rockview personally and directly denied every accommodation request, in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*. ¶¶ 11-25, 59.

Pew also alleges enduring retaliatory conduct while housed at SCI Rockview. On April 19, 2021, Defendants Ray Hosterman, Philip Mattis, Christopher Myers, and a hostage negotiator threatened Pew and subjected him to unwarranted strip searches and isolation. *Id*. ¶¶ 31-35. The four Defendants told Pew he would be subjected to such treatment until he broke his religious fast. *Id*. ¶ 36. The resulting physical pain and trauma exacerbated Pew's preexisting medical and psychiatric illnesses. *Id*. ¶ 39. Pew argues the four Defendants' conduct violated the First Amendment, Eighth Amendment, and RLUIPA. *Id*. ¶ 60.

Pew was then transferred from SCI Rockview to SCI Phoenix on September 24, 2021. *Id*. ¶ 26. Once at SCI Phoenix, Pew submitted a new vegan diet religious accommodation request, which he claims Klemm denied. *Id*. ¶ 28. He also communicated with Defendant Mandy Biser-Sipple about his authorized access to an electric razor. *Id*. ¶ 42. Pew claims he presented Biser-Sipple with a copy of a 1994 prescription from a Department of Corrections ("DOC") physician who diagnosed him with moderately severe pseudofolliculitis, a painful condition otherwise known as razor bumps. *Id*. ¶¶ 46, 50. He further provided Biser-Sipple with "prior call out sheets" showing he had previously received weekly electric razor shaves because of his medical condition. *Id*. ¶ 44. In response, Biser-Sipple said "it was not serious enough" and told Pew to see a nurse. *Id*. at 41.[1]

---

[1] The Court uses ECF page numbers for Pew's "Signed Sworn Affidavit" because it does not include an exhibit label.

Pew asked Dr. Bazel about accessing an electric razor on March 29, 2022. *Id*. ¶ 54. Dr. Bazel told Pew that Biser-Sipple had threatened to fire him from SCI Phoenix if he did not deny Pew's electric razor request. *Id*. Pew then submitted an "Inmate Disability Accommodation Request Form" and visited Dr. Annino about his Americans with Disabilities Act ("ADA") accommodation. *Id*. ¶¶ 57-58. Dr. Annino told Pew that Biser-Sipple "got rid of Dr. Bazel" and had directed Dr. Annino to deny Pew's request "because [Pew] has a lawsuit pending in court about electric razor purchase" and weekly electric razor shaves. *Id*. ¶ 58.

Because no action was taken, Pew filed a grievance with the DOC, which is still pending on review. *Id*. ¶ 40. Pew asserts other inmates have received access to electric razors while his requests are denied, and denying him access is discrimination and disparate treatment in violation of the Equal Protection Clause of the Fourteenth Amendment and the ADA.[2] *Id*. ¶¶ 56, 61.

**LEGAL STANDARD**

To withstand a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Twombly*, 550 U.S. at 545. But the plausibility standard "require[s] a pleading to show more than a sheer possibility that a defendant has acted unlawfully." C*onnelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citation omitted). "A facially plausible claim is one that permits a reasonable inference that the defendant is liable for the misconduct alleged." *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020) (citing

---

[2] Because the Court has already considered Pew's ADA claim against Biser-Sipple and dismissed it with prejudice, it will not be discussed. *See* ECF Nos. 62 and 63.

*Iqbal*, 556 U.S. at 678). This Court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

A pro se litigant's pleadings must be construed liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). But "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id*.

**DISCUSSION**

Under Federal Rule of Civil Procedure 20, persons may be joined in one action as defendants if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Relevant here, the "same transaction" prong of Rule 20 "refers to the similarity in the factual background of the relevant claims." *Cooper v. Fitzgerald*, 266 F.R.D. 86, 88 (E.D. Pa. 2010) (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997)).

When courts apply Rule 20, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). "But this application, however liberal, is not a license to join unrelated claims and defendants in one lawsuit." *McKinney v. Prosecutor's Off.*, Civ. No. 13-2553, 2014 WL 2574414, at *14 (D.N.J. June 4, 2014) (internal quotation marks and citations omitted). To remedy a misjoinder, a court may drop a party or sever any claims. *See* Fed. R. Civ.

P. 21. District courts have "broad discretion in deciding whether to sever a case by way of severing parties or claims." *Graudins v. Retro Fitness, LLC*, 921 F. Supp. 2d 456, 467 (E.D. Pa. 2013).

As discussed, Pew's Complaint is based on four separate incidents spanning over a year across two prisons. He contends joinder is proper because in three of the four incidents, his constitutional rights were identically violated by denying him free exercise of religion, while Biser-Sipple's actions "arise out of ongoing continuous actions" at SCI Rockview. Pl.'s Resp. to Mot. Dismiss 1-4, ECF No. 88. Pew thus admits there is no question of law common to all defendants—the claims involving Biser-Sipple do not concern the free exercise of religion at all.

Pew further fails to allege each Defendant was part of the same transaction or series of transactions. Instead, Pew alleges four factually different scenarios, in which different officials at different times and different prisons independently violated his civil rights. Indeed, there is no claim common to all Defendants. And as to the three scenarios involving the free exercise of religion, "[s]imply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." *Kokinda v. Pennsylvania Dep't of Corr.*, 663 F. App'x 156, 159 (3d Cir. 2016) (quoting *AF Holdings, LLC v. Does 1-1058*, 752 F.3d 990, 998 (D.C. Cir. 2014)). Because each of the four scenarios arise out of distinctly different factual circumstances and do not involve a question of law common to all defendants, joinder is improper.

Accordingly, the Court will exercise its discretion under Rule 21 to sever the claims based on the early 2021 denial of various religious accommodations by Defendants Klemm, Boldin, and "vote members" at SCI Rockview into a second lawsuit.[3] Similarly, the Court will sever Pew's

---

[3] Defendants argue the claims based on the early 2021 denials should be dismissed because a substantial part of the events or omissions giving rise to the claims occurred in the Middle District of Pennsylvania. Defs.' Mot. Dismiss 8-9, ECF No. 78-1. While true, venue is also proper in "a judicial district in which any defendant resides," and Defendants fail to present any facts to defeat Pew's assertion that venue is proper due to Klemm's residency. *See* 28 U.S.C. § 1391(b)(1). Still,

5

claims based on Defendant Klemm's denial of a vegan diet at SCI Phoenix on September 24, 2021 into a third lawsuit.[4] Because these lawsuits will be separate, Pew will be required to either pay the filing fees to proceed in each up front, or file new motions to proceed *in forma pauperis* with a copy of his prison account statement if he cannot afford to pay the fees to do so. *See* 28 U.S.C. §§ 1914 & 1915. The Court expresses no opinion on the merits of any such claims.

As to Pew's claims based on the retaliatory conduct of Defendants Hosterman, Mattis, Myers, and a hostage negotiator at SCI Rockview, the Court shall transfer these due to improper venue. Venue is proper in judicial districts where: (1) "any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a substantial part of the events or omissions giving rise to the claim occurred"; or (3) if there is no district in which the action may otherwise be brought, "any judicial district in which any defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(b). If venue is improper, a district court must dismiss the case or, "if it be in the interest of justice," transfer the case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Pew alleges the Eastern District of Pennsylvania is a proper venue for only two of the Defendants: Biser-Sipple and Klemm. Pl.'s Resp. to Mot. Dismiss 4-5. He also seemingly asserts Defendants Hosterman, Mattis, and Myers are residents of the Middle District, and further alleges their retaliatory conduct occurred at SCI Rockview—which is in the Middle District. *Id*. 5-6. The

---

it is unclear if Pew knows Klemm's residency, and the one address Pew discusses in reference to Klemm is located within the Middle District. Pl.'s Resp. to Mot. Dismiss 3. If Klemm is indeed a resident of the Middle District, then the second lawsuit cannot remain in the Eastern District. *See* 28 U.S.C. § 1391(b).

[4] The Court chooses to sever this SCI Phoenix claim because Pew's current Complaint provides few facts on this second vegan diet denial. *See* Third Am. Compl. ¶ 28. Conversely, he provides several factual allegations on his SCI Phoenix electric razor claim.

Court therefore concludes the Middle District is a proper venue for claims regarding Defendants Hosterman, Mattis, and Myers—not the Eastern District. To protect Pew's rights as a pro se litigant, the Court will transfer his retaliatory conduct claims to the Middle District of Pennsylvania for further proceedings. Such a transfer is in the interest of justice because it avoids any potential prejudice from dismissing the case.[5] *See Burnett v. New York Cent. R. Co.*, 380 U.S. 424, 430 (1965).

Pew's remaining § 1983 claim arises out of Biser-Sipple's alleged denial of his request for an electric razor at SCI Phoenix. To plead a violation under § 1983, the plaintiff must demonstrate the defendant's "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The defendant's liability "cannot be predicated solely on the operation of *respondeat superior*." *Id*. A plaintiff makes sufficient allegations of a defendant's personal involvement "through allegations of personal direction or of actual knowledge and acquiescence." *Id*. But "[a]llegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Id*.

Defendants argue Pew fails to meet the particularity threshold. Defs.' Mot. Dismiss 10. The Court disagrees. Pew alleges he communicated directly with Biser-Sipple and showed her facial injuries resulting from his lack of an electric razor. Third Am. Compl. at 41. In response, Biser-Sipple told him the skin injuries were "not serious enough" and directed Pew to see a nurse. *Id*. The two doctors who then saw Pew both said they were personally directed by Biser-Sipple to deny Pew's electric razor requests. *Id*. ¶¶ 54, 58. These doctor appointments and purported

---

[5] As with the other severed lawsuits, Pew will be obligated to either pay the fee to proceed in the Middle District or file a new motion to proceed *in forma pauperis* with a copy of his prison account statement if he cannot afford to pay the fees up front.

directions from Biser-Sipple are enough to allege personal involvement as required under § 1983.[6] *See Rode*, 845 F.2d at 1207 ("Personal involvement can be shown through allegations of *personal direction* . . . .") (emphasis added).

Defendants also argue Pew fails to state an equal protection claim. Defs.' Mot. Dismiss 12. Under the Equal Protection Clause of the Fourteenth Amendment, "all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). Traditionally, establishing a prima facie case of discrimination under the Equal Protection Clause required plaintiffs to "prove that they were members of a protected class." *Oliveira v. Twp. of Irvington*, 41 F. App'x 555, 559 (3d Cir. 2002) (citing *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992)). But an individual who is not a member of a protected class may nonetheless raise an equal protection claim under a "class of one" theory, which requires a plaintiff to allege "(1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." *Hill v. Borough of Kutztown*, 455 F.3d 225, 239 (3d Cir. 2006).

Prisoners are not members of a protected class. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 317 (3d Cir. 2001). Pew thus must proceed under an equal protection "class of one" theory. To do so, he alleges other SCI Phoenix inmates have their own electric razors and are allowed to receive weekly electric razor shaves. Third Am. Compl. ¶ 53. Pew also provides a June 7, 2023 memo addressed to another SCI Phoenix inmate named Peter Hogan. *Id*. at Ex. V. The memo outlines a new procedure for SCI Phoenix inmates approved for electric razor use, with the implication being at least one other SCI Phoenix inmate—Hogan—is receiving electric razor shaves. *Id*. The Court

---

[6] Defendants contend Pew's claims against Biser-Sipple "appear to concern her role in responding to grievances," but Pew does not connect Biser-Sipple's directions to the doctors with his filed grievance. Defs.' Mot. Dismiss 10; *see also* Third Am. Compl. ¶¶ 54, 58.

finds these factual allegations collectively state a plausible equal protection claim. Pew alleges Biser-Sipple treated him differently from other similarly situated SCI Phoenix inmates, did so intentionally (as evidenced by her personal awareness of Pew's condition), and no rational basis for the difference in treatment was given. Defendants similarly do not provide any rational basis for Biser-Sipple's denial. Pew's equal protection claim as to Biser-Sipple thereby survives Defendants' motion to dismiss.

**CONCLUSION**

The Court will sever Pew's claims into three separate lawsuits due to improper joinder and transfer a fourth due to improper venue. Pew's § 1983 claims against Biser-Sipple survive Defendants' motion to dismiss, and Defendants will be directed to file an answer to the Third Amended Complaint. His § 1983 claims as to the early 2021 denial of various religious accommodations at SCI Rockview, the 2021 retaliatory conduct while housed at SCI Rockview, and the September 24, 2021 denial of a vegan diet religious accommodation at SCI Phoenix will each be severed into new lawsuits. Additionally, the new lawsuit involving the 2021 retaliatory conduct will be transferred to the United States District Court for the Middle District of Pennsylvania.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.